239 N.J. Super. 403 (1990)
571 A.2d 969
CAMPBELL SOUP COMPANY, CAMPBELL SOUP (TEXAS) INC., PLAINTIFFS-APPELLANTS,
v.
LIBERTY MUTUAL INSURANCE COMPANY; THE HOME INSURANCE COMPANY; AMERICAN HOME INSURANCE COMPANY; AFFILIATED FM INSURANCE COMPANY; CALIFORNIA UNION INSURANCE COMPANY; PRUDENTIAL REINSURANCE COMPANY; EMPLOYER'S MUTUAL INSURANCE COMPANY; GRANITE STATE INSURANCE COMPANY; GIBRALTAR CASUALTY COMPANY; AIU INSURANCE COMPANY; NATIONAL UNION FIRE INSURANCE CO.; ROYAL INDEMNITY COMPANY; INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA; NEW ENGLAND INSURANCE COMPANY; CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, AND LONDON MARKET COMPANIES; ALLIANZ INSURANCE COMPANY; NORTH RIVER INSURANCE COMPANY; FIREMAN'S FUND INDEMNITY CORP.; PACIFIC EMPLOYERS INSURANCE CO.; AMERICAN CENTENNIAL INSURANCE CO.; CENTENNIAL INSURANCE COMPANY; FEDERAL INSURANCE COMPANY; AND AMERICAN EXCESS INSURANCE COMPANY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 23, 1989.
Decided January 18, 1990.
*404 Before Judges O'BRIEN, HAVEY and STERN.
George F. Kugler, Jr. argued the cause for appellants (Archer & Greiner and Anderson, Baker, Kill & Olick, attorneys; Murray D. Sacks, of the Washington D.C. Bar, admitted pro hac vice, of counsel; George F. Kugler Jr. and Jerold Oshinsky on the briefs).
Burchard V. Martin argued the cause for respondent Liberty Mutual Insurance Company (Martin, Crawshaw & Mayfield, attorneys; Burchard V. Martin and Michael J. O'Mara on the brief).
Guy A. Cellucci argued the cause for respondents California Union Insurance Company and Pacific Employers Insurance *405 Company (White and Williams, attorneys; Richard M. Shusterman, of counsel; Guy A. Cellucci, Regina B. Mapes and Thomas B. O'Brien, Jr., on the brief).
Horn, Kaplan, Goldberg, Gorny and Daniels, attorneys for respondents Gibraltar Casualty Company and Prudential Reinsurance Company (Mark Soifer and Nicholas L. Paone on the brief).
Wolff, Helies & Duggan, attorneys for respondent National Union Fire Insurance Company (Patricia M. Daley on the brief).
Wiley, Rein & Fielding of Washington D.C., admitted pro hac vice, and Hughes, Hendrix & Wallace, attorneys for amicus curiae American Insurance Association (Thomas W. Brunner, Laura A. Foggan and Frederick S. Ansell of counsel; Gerald A. Hughes and Henry A. Carpenter, II, on the brief).
Respondents Affiliated FM Insurance Company, Employer's Mutual Insurance Company, Granite Insurance Company, AIU Insurance Company, Royal Indemnity Company, New England Insurance Company, Allianz Insurance Company, American Centennial Insurance Co., Federal Insurance Company and American Excess Insurance Company join in the brief submitted by respondent California Insurance Company.
The remaining respondents did not file briefs.
PER CURIAM.
Plaintiffs Campbell Soup Company and Campbell Soup (Texas) Inc., appeal from orders for summary judgment in favor of defendants, 22 insurance companies. In their complaint, plaintiffs seek a declaratory judgment that defendants, under the provisions of their general liability and excess coverage policies, must defend and indemnify plaintiffs against a discrimination claim pending before the Equal Employment Opportunity Commission (EEOC).
*406 We affirm the dismissal of plaintiffs' demand that defendants provide a defense in the EEOC proceedings substantially for the reasons expressed by Judge Lowengrub in his comprehensive written opinion reported at 239 N.J. Super. 488, 571 A.2d 1013 (Ch.Div. 1989). We agree with the judge's determination that the EEOC's reasonable cause determination was not "the functional equivalent of a suit so as to compel the insurers ... to defend plaintiff against charges of discriminatory employment practices[,]" and that "the duty to defend is triggered when the insured is involved in an adversarial proceeding, a consequence of which is the factual determination that legal liability may or may not be imposed upon the insured." We add only that we acknowledge that an EEOC probable cause determination may be admissible in a subsequent federal action instituted by the EEOC, or by an aggrieved party against the employer. See Smith v. Universal Services, Inc., 454 F.2d 154, 158 (5th Cir.1972). However, the admissibility of the probable cause determination does not transform the EEOC conciliation process into a coercive, adversarial proceeding tantamount to a "suit," for which a duty to defend is owed.
We also affirm the order for summary judgment entered on September 8, 1988, dismissing without prejudice plaintiffs' demand for indemnification under the policies. In dismissing the claim for indemnification, Judge Lowengrub concluded:
... it would be premature to decide whether the language of the various policies of insurance at issue in this litigation negates or excludes coverage for the underlying discrimination action since presently there is no ... suit pending.
The judge reasoned that before issues of coverage and application of the exclusions pertinent to claims of discrimination can be resolved, there must be a "suit" setting forth the specific acts of discrimination alleged by the EEOC or by the aggrieved employees. Further, discovery as to these issues, before a suit is instituted, might be frustrated because of the confidentiality of the EEOC's conciliation proceeding. See 42 U.S.C.A. § 2000e-5(b). We affirm on this point substantially for the *407 reasons expressed by the judge in his September 8, 1988 oral opinion and written order.
Plaintiff's declaratory judgment suit is dismissed substantially for the reasons expressed by Judge Lowengrub in his comprehensive written opinion.
Affirmed.